[No. 20988. Department One. April 3, 1928.]

JOHN L. VANASSE, *Appellant*, v. L. J. ESTERMAN *et al.*, *Respondents*, WASHINGTON TITLE INSURANCE COMPANY, *Defendant.*[1]

[1] USURY (13)—EQUITY (39)—RELIEF—CONDITION PRECEDENT. A party seeking equitable relief from an usurious contract must offer to return what he received under the contract.

Appeal from a judgment of the superior court for King county, Findley, J., entered October 7, 1927, dismissing an action for equitable relief. Affirmed.

*Solon T. Williams*, for appellant.

*J. L. Corrigan*, for respondents.

MITCHELL, J.—This is an equitable action in which plaintiff seeks affirmative relief, namely, to have a deed declared to be a mortgage, and for relief against usury. He alleges that he borrowed $6,100, and that the lender exacted $1,000 therefor for the period of two months and four days, making a total of $7,100 to be paid to redeem the property; and then, relying

[1] Reported in 265 Pac. 738.

upon the statute against usury, he claims a credit of $1,000, the amount alleged to have been illegally taken, which deducted from $6,100 actually received leaves $5,100, which he alleges he tenders into court in satisfaction of the debt and to redeem the property. To the complaint, which was the second amended one, the defendants interposed a general demurrer, which was sustained. The plaintiff, refusing to plead further, has appealed from a judgment dismissing the action.

[1] In support of the judgment, a number of arguments are submitted by the respondents. We rest the decision on only one of those arguments, that is, there is no equity in the complaint, because it fails to observe the maxim "He who seeks equity must do equity." That portion of the statute relied on by the appellant, Rem. Comp. Stat., § 7304 [P. C. § 3161], provides:

"But if in any action on such contract proof be made that a greater rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs."

The statute does not fit this case. It applies where one to whom the usurious contract runs becomes plaintiff in an action on the contract to recover against the other party to the contract. This is not a proceeding to enforce an alleged usurious agreement, but a suit by the promisor asking affirmative aid of equity, which he can obtain only by doing equity. He admits having received $6,100, and going into a court of equity demands that his deed be declared a mortgage and to have it canceled upon the payment of $5,100 without any interest.

Pomeroy's Equity Jurisprudence (4th ed.), vol. 2, § 937, on pages 1985 and 1986, says:

"It is a firmly settled rule, in the absence of contrary statutes, that where a borrower, who has not already paid the debt, brings a suit for affirmative relief against a usurious contract, he can obtain the remedy only upon the condition of repaying, or offering to repay, the sum which is justly and equitably due to his creditor,—the amount actually loaned and legal interest. The absence of such an offer is ground for defeating the suit."

Bispham's Principles of Equity (10th ed.), § 43, in considering the maxim "He who seeks equity must do equity," says:

"The usual illustration of this maxim is the case of a borrower of money on usurious interest, who comes into a court of equity to ask for relief by having the transaction set aside. Equity will not afford him redress except upon the terms of his returning the amount actually borrowed with lawful interest, because it is as equitable that the person who has loaned the money should have the amount with lawful interest returned to him, as that the borrower should be relieved from his unjust obligation to pay a usurious rate."

In the case of *Cuddy v. Sturtevant*, 111 Wash. 304, 190 Pac. 909, in speaking of this equitable doctrine, we said:

"This was an action in equity, and one of the equitable doctrines is that a party coming into equity must offer to do equity. In applying this doctrine, the courts, so far as we are advised, have uniformly held that a party seeking to be relieved from an usurious contract must at least offer to return what he has received under the contract."

Judgment affirmed.

MACKINTOSH, C. J., FRENCH, TOLMAN, and PARKER, JJ., concur.